JIMÉNEZ, PETITIONER AND APPELLEE, *v.* CRUZ ET AL.,
CONTESTANTS AND APPELLANTS.

## APPEAL from the District Court of Humacao in Proceedings for Administration.

No. 3114.—Decided May 29, 1924.

ADMINISTRATION—HEIRS—SUMMONS.—In order to summon the heirs for the hear-
ing ordered by the court in consequence of a petition for the appointment
of an administrator it is sufficient that the summons be served by delivering

a copy thereof. Such summons is not void because of failure to deliver to the heirs a copy of the return or of the petition, although it would be good practice to deliver a copy of the petition.

ID.—ID.—ID.—PRESUMPTION—WAIVER.—The heirs having been called together by order of the court for the consideration of a petition for administration, some of them who had moved to quash the summons and had obtained a continuance of the hearing finally attended the hearing, introduced evidence and proposed candidates for appointment as administrator. *Held:* That under such circumstances it is presumed that the contestants had waived their objections to the summons.

ID.—ID.—SEPARATE PROPERTY—COMMUNITY PROPERTY.—The fact that in the petition for the appointment of an administrator it was stated that the deceased had left as properties subject to partition the Tendal and Piñal Marién plantations, does not justify the conclusion that "the court erred in including in the administration as separate property some that belonged to the community." Whether the said plantations were separate or community property, the husband having died first and his estate being undivided, all of the properties belonged to the heirs and were subject to administration under such reservations as the circumstances might require.

ID.—ID.—APPEAL.—The pendency of an appeal which would decide the character of certain properties of the estate is no obstacle to granting administration. Nor does the existence of a community formed by some of the heirs prevent another heir from obtaining administration.

The facts are stated in the opinion.

*Messrs. J. Guzmán Benítez* and *R. Arce* for the appellants.

*Mr. F. González* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Manuel Jiménez y Jiménez, an heir at law of Eladia Cruz y Jiménez, presented in the District Court of Humacao a petition for the appointment of an administrator of the estate left by the deceased Eladia Cruz. The petition was filed on March 9, 1923, and the hearing prescribed by law was set for the 23rd, it being ordered that all persons interested in the estate should be summoned. The summons was served on the 14th, 15th and 17th of March by delivering copies of it to the interested persons.

On March 21, 1923, the summoned heirs, represented by attorney José de Guzmán Benítez, filed a motion to quash the summons for the hearing. They alleged therein that the summons was defective because the persons summoned were not given a copy of the petition or of the return.

Notwithstanding the statement made in the motion that the hearing was for the sole purpose of moving to quash the summons, the court was asked in the motion to proceed with caution, because there were suits pending between the petitioner and the other heirs and the condition of certain properties might be prejudged, and because there had been organized a community that was properly managing the properties, the part belonging to the petitioner and to the other members of the succession of Jiménez Cruz being at their disposal.

On the same day on which the said motion was filed, the 21st of March, another motion was made for the postponement of the hearing, accompanied by a stipulation wherein the attorney for the petitioner and the attorney for the other heirs agreed that on account of the illness of the latter the hearing should be suspended and reset for the first week of April.

The new hearing was set for April 10, 1923, and on the 7th of the same month the heirs represented by attorney Guzmán Benítez filed a motion stating that Guzmán was their attorney of record, but as he continued ill he delegated his representative capacity to attorney Arce.

On April 10th the hearing was held with the attendance of the attorneys for both parties and on the following day the court made the order appealed from, the dispositive part of which is as follows:

"Therefore, the court decrees the administration of the estate of Eladia Cruz y Jiménez and orders that within five days the parties propose by common agreement a person to act as administrator, and if they should not come to an agreement, each party shall submit the names of three persons from among whom the court will make the appointment."

The record contains a pleading entitled "Objection to the hearing" signed by attorney Arce and filed on April 10, 1923, wherein he takes exception to the overruling of the motion to quash the summons and to the holding of the

hearing notwithstanding the fact that his clients had been deprived of the means necessary for preparing their defense because a copy of the petition had not been delivered to them.

On these facts we will examine the errors assigned by the appellants in their brief. They are as follows:

1.—The court erred in overruling the motion to quash.

2.—The court erred in including in the administration as separate property some that was community property.

3.—The court erred in decreeing the administration without waiting for the decision of an appeal pending in the Supreme Court wherein the condition of the properties of the estate was involved.

As regards the first assignment it will suffice to say that nowhere in the transcript does it appear that the district court directly and expressly overruled the motion to quash. It impliedly did so because the court found that by virtue of the motion to postpone the hearing, accompanied by the stipulation to which we have referred, the motion to quash had been abandoned.

The statute says nothing concerning the delivery of a copy of the petition to the persons summoned. Perhaps, considering the nature of the proceeding, such copy may be unnecessary, but we think that the best practice would be to deliver it.

If any error was committed the reversal of the order appealed from would not follow, whether because the objection was abandoned or because the error was not prejudicial. In the motion to quash and in all subsequent proceedings the heirs represented by attorney Guzmán Benítez showed that they were perfectly acquainted with the matters involved and were, therefore, in a position to prepare their defenses. Perhaps it may be proper to mention, in order to show the action of the appellants, that from the minutes of the hearing it appears that the appellants' attorney offered evidence and argued the case. The minutes conclude as follows:

"In case the court should decide to grant the administration the attorney for the contestants proposes as administrator the heirs Joaquín Jiménez Cruz, Josefa Jiménez Cruz and Eladia Jiménez Cruz, and the attorney for the petitioner proposes Antonio A. Roig and Domingo Matanzo."

Nor is the second assignment meritorious. The order appealed from shows clearly that the court simply decreed the administration and set a day for the submission by the parties of the names of three persons from among whom the administrator would be selected.

After the administrator is appointed and takes charge of his office the inventory of the properties is made in accordance with the Special Legal Proceedings Act. The order appealed from decides nothing about the nature of the properties in this case. The fact that in the petition for appointment it was stated that the deceased had left as properties subject to partition the Tendal and Piñal Marién plantations is of no importance. Whether the said plantations were the separate property of the deceased or community property, the husband having died before and his estate being still undivided, the properties belonged wholly to the heirs and were subject to administration under such reservations as the circumstances might require.

With regard to the third assignment we will say that the fact that there was an appeal pending in the Supreme Court wherein the issue was whether the Tendal and Piñal Marién plantations belonged to the community composed of the deceased and her husband or to the deceased wife exclusively was not an obstacle to granting the administration. The spouses having died, all of the properties belonged to their heirs, as we have said. Until a division was made and each received his individual share somebody had to administer the estate, and for this class of cases was enacted the law upon which the petitioner based his petition. Section 23 of the Act relating to special legal proceedings of 1905, Compilation of 1911, p. 304. The existence

of the community organized by some of the heirs, relied on in the motion to quash and fully proved at the hearing, could not bind the heir at law who was not a member thereof, the petitioner.

The appeal must be dismissed and the order appealed from

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.

### ON RECONSIDERATION.

On June 25, 1924, MR. CHIEF JUSTICE DEL TORO delivered the following opinion of the court:

We are asked to reconsider the judgment rendered in this case on May 29, 1924, for the following reasons:

"A. That the judgment of this Court relieves the petitioner, Manuel Jiménez y Jiménez, one of the co-owners, from the effects and consequences of the administration of the estate lawfully agreed upon by the other co-owners, under the erroneous assumption that he did not intervene in that administration.

"B. That the said judgment creates a conflict in that it leaves the estate under two different administrations.

"C. That the administration would include properties that were not in the physical possession of Eladia Cruz y Jiménez at the time of her death, and that such administration is unnecessary."

We have examined again the questions involved in the appeal in the light of the statements made by the appellants in their motion for reconsideration and in our opinion the motion should be overruled, but it is proper to explain that our judgment of May 29th and the opinion on which it is based go no farther than to decide in the affirmative the question of the appointment of an administrator upon the death of Eladia Cruz widow of Jiménez, but that the opinion and judgment in no manner prejudge the validity or invalidity of the community established during the life-

time of Eladia Cruz for the administration of the undivided estate of her husband, or of the acts of the said community after the death of Eladia Cruz.

The moment seems to have arrived when, laying aside hatred and prejudice, all of these co-owners should proceed to divide the estate, each of them conceding a little for the sake of harmony, because if they continue as heretofore the estate will be consumed in court expenses and continue to be the source of ill-will and discord instead of benefit.